# IN THE COURT OF APPEALS OF IOWA

No.16-1581
Filed March 22, 2017

IN RE THE MARRIAGE OF TIFFANY LIPPSTOCK
AND MICHAEL LIPPSTOCK

Upon the Petition of
**TIFFANY LIPPSTOCK,**
        Petitioner-Appellant,

**And Concerning**
**MICHAEL LIPPSTOCK,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

Tiffany Lippstock appeals the physical-care provision of the decree dissolving her marriage to Michael Lippstock. **AFFIRMED.**

Carrie L. O'Connor, Iowa Legal Aid, Dubuque, for appellant.

Kelsey J. Streinz of Kintzinger, Harmon, Konrardy, P.L.C., Dubuque, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Tiffany Lippstock appeals the physical-care provision of the decree dissolving her brief marriage to Michael Lippstock. The district court placed the parties' six-year-old child in Michael's physical care and the parties' joint legal custody. On appeal, Tiffany argues the court's decision ignored her history as the primary caretaker, the child's relationship with half- and step-siblings, and Tiffany's ability to better encourage a relationship between father and child.

Upon our independent review of the record and keeping the child's best interests as our paramount concern, we agree with the district court's physical-care decision. *See In re Marriage of Schenkelberg*, 824 N.W.2d 481, 483-84 (Iowa 2012) (stating standard of review). It is obvious both parents love their child. Both parents have acted immaturely on occasion, and both have relied a great deal on the support of others for housing and help with child rearing. Both parents are involved with new partners. Both households include blended families with at least one child from another relationship.

We acknowledge Tiffany has been the primary caregiver most of the child's life, although Michael assumed an active role in many respects. However, the record supports the trial court's concern about Tiffany's temper. Tiffany has assaulted Michael on more than one occasion and assaulted two of his family members. She has expressed derogatory words towards Michael in the presence of the child and encouraged the child to repeat the words. The child's school attendance while in Tiffany's care has also been less than stellar. She has also been the subject of a founded Iowa Department of Human Services investigation involving the abuse of one of her other children. For the best

interests of the child, both parties need to put the past behind them and work together to co-parent their child under the terms of the decree. We therefore affirm.

**AFFIRMED.**